IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**BRYANT EUGENE WILBURN,**

      **Plaintiff,**

v.                                                Case No. 3:24-cv-00351

**JOHN SMITH, Regional Director of
Parole Services, Cabell County, WV,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiff's Motion to Appoint Counsel. (ECF No. 11). For the following reasons, the Motion is **DENIED**. The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") recently discussed the appointment of counsel in civil cases brought by indigent prisoners. *See Jenkins v. Woodard,* 109 F.4th 242 (4th Cir. 2024). The Fourth Circuit reiterated that the provision of counsel is not mandatory in civil cases; rather, district courts have discretion to appoint counsel. However, a district court abuses that discretion if it declines to appoint counsel in a case where "an indigent person presents exceptional circumstances." *Id.* at *4 (quoting *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989)). To determine if exceptional circumstances exist, the district court must conduct a fact specific, two-part inquiry. *Id.* As the Fourth Circuit explained:

> That inquiry requires the court to determine (1) whether the plaintiff has a colorable claim and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff lacks the capacity to present it. If both questions are answered affirmatively, the case presents exceptional circumstances.

*Id.* (internal markings and citations omitted).

Considering the first factor, Plaintiff claims that Defendant, as his parole officer and then as the Regional Director for Parole Services, directed him to be placed in a treatment program that does not provide medication assisted treatment (MAT) for his opioid use disorder. (ECF No. 2). According to Plaintiff, Defendant was indifferent to Plaintiff's medical needs and his conduct constituted cruel and unusual punishment, gross negligence, discretionary abuse, and unconstitutional administrative action in violation of his rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. (*Id.*). He asks for various forms of relief, including a minimum of $1,000,000.00 in damages. (*Id.* at 5).

To begin, inmates do not have a constitutional right to substance abuse rehabilitation. *Montgomery v. Galloway*, No. CIV.A. ELH-14-3863, 2014 WL 7365285, at *2 (D. Md. Dec. 23, 2014) (collecting cases). However, symptoms of alcohol and drug withdrawal can qualify as a serious medical need in certain cases. *Tilson v. Humphrey*, No. 5:19-CV-00033, 2021 WL 4443816, at *5 (W.D. Va. Sept. 27, 2021) (collecting cases). Construing the *pro se* complaint extremely liberally, Plaintiff potentially asserts that he suffered severe symptoms from being placed in a program that does not offer MAT, which resulted in him absconding from parole.

However, examining the second inquiry, the claim is not particularly complex. Plaintiff very clearly explained the factual circumstances that he allegedly experienced and has highlighted the nature of his claim, including the constitutional rights which he asserts that Defendant violated. Although Plaintiff contends that he needs the assistance of counsel to prosecute his case, he has proven himself to be extremely articulate in his

complaint. Plaintiff certainly does not possess the subjective limitations discussed in the *Jenkins* case. Jenkins suffered from severe mental illness, and the record lacked any evidence that Jenkins could competently or coherently present his claims. *Jenkins,* 109 F.4th at 249-50. In contrast, Plaintiff appears quite capable of presenting his case at this stage of the litigation.

**Plaintiff is advised** that if the circumstances of the case change (for example, it proceeds to trial), he can renew his request for counsel. However, at this time, he has not demonstrated exceptional circumstances meriting the appointment of counsel.

The Clerk is directed to mail a copy of this Order to Plaintiff and counsel of record.

**ENTERED:** September 23, 2024



Joseph K. Reeder
United States Magistrate Judge