IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

BRYANT EUGENE WILBURN,

                Plaintiff,

v.                                                CIVIL ACTION NO.   3:24-00351

JOHN SMITH, Regional Director of
Parole Services, Cabell County, WV,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

This action was referred to the Honorable Joseph K. Reeder, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). On July 3, 2025, the Magistrate Judge submitted Proposed Findings and Recommendations ("PF&R") (ECF No. 20), and recommends that Defendant John Smith's Motion to Dismiss (ECF No. 12) be granted, in part, and denied, in part. Defendant objects. For the following reasons, the Court **DENIES** Defendant's objections.

**I.
FACTUAL AND
PROCEDURAL BACKGROUND**

As explained by the Magistrate Judge, Plaintiff filed a *pro se* Complaint on July 15, 2024, alleging violations of the Fourth, Eighth, and Fourteenth Amendments. *PF&R*, 1. In his Complaint, Plaintiff describes events that occurred during two different time periods. The first was in 2021. The Magistrate Judge found his claims related to this event were barred by the statute of limitations and recommends this Court grant Defendant's Motion to Dismiss as to these claims. *Id*. at 11-12. Neither party objected to this finding and, therefore, the Court **ADOPTS** the Findings and

Recommendations in this regard and **GRANTS** Defendant's Motion to Dismiss the claims based upon events that occurred in 2021.

The second series of events occurred in 2023. Plaintiff asserts he was held at the Western Regional Jail beginning in August 2023 and was enrolled in a Medication-Assisted Treatment ("MAT") program because he suffers from an Opioid Use Disorder ("OUD"). *Id.* at 2. At a hearing in November 2023, Plaintiff appeared before the Parole Board and presented a plan to attend LodeStar, an addiction treatment center with an accepted MAT program. *Id.* (citation omitted). The Parole Board reinstated Plaintiff's parole and allegedly approved his plan. *Id.* (citation omitted). However, "[a] LodeStar representative later informed Plaintiff that his parole officer had denied him entering the program. Mr. Clagg, Plaintiff's parole officer, then informed him that Defendant [Smith, as the Regional Director of Parole Services,] directed Mr. Clagg to once again take Plaintiff to Recovery Point rather than permitting him to go to LodeStar." *Id.* (citations omitted). Plaintiff claims this action "constitute[d] cruel and unusual punishment, deliberate indifference, gross negligence, discretionary abuse, and unconstitutional administrative action in violation of his Fourth, Fourteenth, and Eighth Amendment rights." *Id.* (citation omitted). Defendant moved to dismiss these claims, asserting qualified immunity and arguing Plaintiff failed to exhaust his administrative remedies and failed to state a claim. The Magistrate Judge generally rejected these arguments, and Defendant objects.

## II.
## STANDARD OF REVIEW

When reviewing objections to a magistrate judge's proposed findings and recommendations, this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S. § 636(b)(1), in part. "However, the Court is not required to review, *de novo* or by any other

standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed." *Corr v. Bureau of the Pub. Debt*, 987 F. Supp. 2d 711, 716 (S.D. W. Va. 2013) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). Therefore, this Court only will address those objections raised by Defendant.

### III.
### DISCUSSION
#### A.
#### Exhaustion

Defendant's first objection is that the Magistrate Judge erred in determining that Plaintiff was not required to exhaust his administrative remedies. In the PF&R, the Magistrate Judge relied upon the United States Supreme Court's decision in *Ross v. Blake*, 578 U.S. 632, 642 (2016), which held it is unnecessary for an inmate to exhaust when a remedy is "unavailable." *PF&R*, at 10. Applying the holding in *Ross*, the Magistrate Judge rejected Defendant's argument that Plaintiff was required to challenge the decision of the Parole Board because Plaintiff's parole already was reinstated and there was nothing for the Parole Board to reconsider. *Id*. 11. Thus, the Magistrate Judge found that challenging the Parole Board's decision was irrelevant to Plaintiff's claim that he should have received MAT while on parole. Likewise, the Magistrate Judge found no support for Defendant's argument that 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act (PLRA) required Plaintiff to file a habeas corpus petition before filing his action under 42 U.S.C. § 1983. *Id*.

Section 1997e(a) of the PLRA provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e(a) expressly applies to a "prisoner" bringing an action "with respect to prison conditions." Here, Plaintiff is neither a "prisoner" nor is he

complaining about "prison conditions." Instead, Plaintiff is a parolee who is alleging the conditions of his parole imposed by the Regional Director of Parole Services violated his constitutional rights.

In his objections, Defendant argues that the Magistrate Judge erred in finding Plaintiff was not required to file a "habeas petition" before bringing a § 1983 action. *Def.'s Obj. to Proposed PF&R*, at 5-6, ECF No. 22. Defendant insists that, despite the fact there is no Fourth Circuit precedent, other circuits support his position, and he refers this Court to the cases he cited in his briefs to the Magistrate Judge. The Court has reviewed all these cases and finds them distinguishable as they all were brought by prisoners, not someone who was released from prison and is challenging a condition of parole. *See Mem. of Law in Supp. of Def.'s Mot. to Dismiss*, at 5-6, ECF No. 13 (*citing Martin v. Iowa*, 752 F.3d 725 (8th Cir. 2014) (requiring exhaustion under § 1997e(a) for an *inmate's* complaint that he was not given an in-person interview before the parole board); *Castano v. Nebraska Dep't of Corr.*, 201 F.3d 1023, 1024 (8th Cir. 2000) (holding that Spanish-speaking *inmates* were required to exhaust under § 1997e(a) before bringing § 1983 action alleging that they were denied "qualified interpreters at disciplinary hearings as well as for institutional programs that bear on eligibility for parole"); *Jones v. Douglas*, 108 F. App'x 254, 255 (6th Cir. 2004) (unpublished) (affirming dismissal of *inmate's* complaint for failing to exhaust under § 1997e(a) before bringing action alleging that placing him in administrative segregation prevented him from receiving his parole hearing); *Jones v. Maher*, 131 Fed. App'x 813, 815 (3rd Cir. 2005) (per curiam) (finding the district court properly found *inmate* failed to exhaust "that he was subjected to discriminatory parole consideration and retaliatory conduct"); *Moran v. Sondalle*, 218 F.3d 647, 652 (7th Cir. 2000) (per curiam) (stating in dicta that an inmate must exhaust before bringing a § 1983 action alleging constitutional procedures are required before denying parole); *Ondek v. Ranatza,* Civ. Act. No. 16-725-JWD-RLB, 2018 WL 1370601, at \*\*4-6 (M.D. La. Mar.

16, 2018) (granting summary judgment in favor of defendants because the plaintiff *inmate* did not exhaust prior to filing § 1983 suit alleging that the Board of Pardons was not properly trained and supervised)).

In this case, the Court agrees with the Magistrate Judge that requiring Plaintiff to challenge the decision of the Parole Board is senseless as Plaintiff is not contesting its decision. Additionally, the Court agrees that Defendant has failed to demonstrate any requirement, and this Court is unaware of any requirement, that Plaintiff must file a habeas corpus petition prior to filing his § 1983 action. Accordingly, the Court **DENIES** Defendant's objection to the Magistrate Judge's finding that Plaintiff failed to exhaust.

## B. Failure to State a Claim and Qualified Immunity

Defendant next argues that the Magistrate Judge erred in not granting his motion to dismiss Plaintiff's Eighth Amendment claim of deliberate indifference. Defendant asserts this claim fails because Plaintiff lacks a constitutional right to the drug treatment, did not allege his treatment is medically necessary, and did not identify a medical provider who recommended such treatment. Defendant further argues the fact Plaintiff was put in a drug treatment program different than what he wanted cannot support his claim as he has no right a treatment or provider of his choice. Additionally, Defendant claims that the Magistrate Judge improperly considered information that was in Plaintiff's Response, not in his Complaint.

Rule 8(a)(2) of the Rules of Civil Procedure only requires a "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It does not require a plaintiff allege every factual detail so long as the complaint shows a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007). In addition, *pro se* complaints are to be construed liberally so long as a cognizable claim exists. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (stating "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" (internal quotation marks and citation omitted)); *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (providing "[w]hile we construe allegations in a pro se complaint liberally, a complaint still must contain 'enough facts to state a claim for relief that is plausible on its face" (internal quotation marks and citation omitted)).

Here, Plaintiff alleges he was prescribed Sublocade at the Western Regional Jail to treat his OUD and Defendant was aware of his treatment. Despite such knowledge, Plaintiff asserts Defendant disregarded his prescribed treatment and directed him to a rehabilitation center that did not offer MAT. *Comp.* at 7-8. As a result of being denied Sublocade, Plaintiff claims he suffered cruel and unusual punishment under the Eighth Amendment. Although Defendant complains that Plaintiff did not identify a medical provider or allege his treatment was medically necessary, Plaintiff's statement that he was prescribed Sublocade by a medical provider at the Western Regional Jail is sufficient at this point in the proceedings. The specific name of the provider at the Western Regional Jail and why the provider believed it was medically necessary to prescribe Sublocade can be explored during discovery. Additionally, while the Magistrate Judge recognized Plaintiff does not have a "constitutional right to the treatment or provider of his choice," preventing Plaintiff from receiving treatment recommended by a medical provider and forcing him to withdraw may rise to an Eighth Amendment violation. *PF&R*, at 16-20; *see generally Spurlock v. Wexford*, Civ. Act. No. 3:23-0476, 2025 WL 2085053 (S.D. W. Va. July 24, 2025) (certifying classes of individuals with claims of Eighth and Fourteenth Amendment violations for failing to

provide adequate medical care for their OUDs). In order to perfect his claim, the Magistrate Judge recommended Plaintiff be able "to amend his complaint to show some pervasive risk of serious, physical manifestation of harm due to the denial or delay in receiving MAT and cure other deficiencies[.]" *Id.* at 20. The Court agrees with the Magistrate Judge that Plaintiff should be given the opportunity to amend to set forth additional facts in support of his claim. Therefore, the Court **DENIES** Defendant's objection as to the Magistrate Judge's findings and recommendations as to Plaintiff's Eighth Amendment claim.

Likewise, the Magistrate Judge found Plaintiff's deliberate indifference claim can be a Fourteenth Amendment substantive due process claim and his allegations Defendant failed to follow the Parole Board's recommendations could be a procedural due process claim. *Id*. at 20-23. However, the Magistrate Judge found that "additional factual development is needed" as to Plaintiff's Fourteenth Amendment claim and recommended the Court permit Plaintiff to amend his Complaint. The Court agrees with the Magistrate Judge's analysis and **DENIES** Defendant's objections as to the Fourteenth Amendment claim.

Next, Defendant argues that he is entitled to qualified immunity because Plaintiff has failed to identify any clearly established right. As the Magistrate Judge recognized, "there remains substantial factual questions regarding deliberate indifference violations[.]" *Id*. at 27. This Court agrees with the Magistrate Judge that Plaintiff should be permitted to amend his Complaint, which may defeat a claim to qualified immunity. Thus, the Court **DENIES** Defendant's objection in this regard.

Defendant also asserts the Court should not allow Plaintiff to amend because any amendments would be futile. For the reasons stated above, the Court disagrees. In addition, although the Magistrate Judge found that Plaintiff did not sufficiently state a Fourth Amendment

claim in his Complaint and he first raised a First Amendment claim in his Response, the Magistrate Judge recommends allowing Plaintiff to attempt to state these claims in his Amended Complaint. The Court agrees and, to the extent Defendant argues he should not be able to include these claims in his Amended Complaint, the Court rejects Defendant's objection.

## IV.
## CONCLUSION

Accordingly, the Court **DENIES** Defendant's objections, **ADOPTS AND INCORPORATES** herein the Proposed Findings and Recommendations of the Magistrate Judge, **GRANTS** Defendant's Motion to Dismiss (ECF No. 12) to the extent it requests dismissal of the claims related to the events that occurred in 2021, and **DENIES** Defendant's motion to the extent it seeks dismissal of the events that began in 2023. This case remains referred to the Magistrate Judge for further proposed findings and recommendations.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER:　　August 14, 2025

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE